In the Matter of WILLIAM M. STEINER, Petitioner.
LUTHERAN CEMETERY et al., Respondents.

Supreme Court, Special Term, Queens County, March 6, 1943.

*Imre M. Schwarz* for petitioner.

*Miller, Bretzfelder & Boardman* for Lutheran Cemetery, respondent.

*Kenneth L. Lawlor* for Minna Meyer, respondent.

RUBENSTEIN, J. Petitioner seeks an order directing the respondent The Lutheran Cemetery to permit the burial of the ashes of his deceased mother in a lot in the respondent's cemetery. Said respondent is a membership corporation organized under the laws of this State and owns and controls the Lutheran Cemetery in Queens County. Prior to November 3, 1908, one Jarchow was the owner of the lot in controversy. On that date the remains of Peter John Steiner, father of the petitioner and late husband of the decedent were buried in such lot. Other relatives of the petitioner are likewise buried therein and a marker bearing the name " STEINER " is erected thereon.

Jarchow died in 1940 leaving a last will and testament and codicils thereto, which were duly admitted to probate, and in which he specifically devised the lot to respondent Minna Meyer, who, though a stranger to him in blood, was a member of his household.

Petitioner has demanded of the respondent cemetery and of the devisee that they permit the burial of the remains of the petitioner's mother in said lot. The refusal of the respondents is the basis for this proceeding.

Petitioner's claim, briefly stated, is that the " wife " of a predeceased husband is entitled to interment in the same lot with the remains of such husband irrespective of the consent of any person claiming to be the owner of or having any interest in such lot; that the mere fact of the husband's burial in such lot establishes that he has " an estate or right of burial therein," and this automatically confers upon his widow a similar right. Petitioner grounds this contention on section 88 of the Membership Corporations Law which bears the subject heading " Buri-

als," and the opening paragraph of which reads as follows: "The remains of a widow may be buried in a lot of which her husband was an owner at the time of his death and in which his heirs continue to have an estate or right of burial, without the consent of any person claiming any interest in such lot. The remains of the wife, husband, parent or child of a person who has a lot or an estate or right of burial therein, may be interred in such lot without the consent of any person claiming any interest therein, subject, however, to the following rules and exceptions: * * *"

It is to be noted that the first sentence speaks of the remains of a "widow," whereas the following sentence refers to the remains of a *wife,* husband, parent or child. Such first sentence, moreover, stipulates the condition that the predeceased husband *was* an owner, whereas in the case of the wife, et cetera, the property interest in the lot is fixed as a *present* interest in the modifying clause reading "who *has* a lot or an estate or right of burial therein." (Italics supplied.)

From the foregoing it is evident that the first sentence defining the rights of a widow implies the prior death of the husband, with the further conditions that he was at the time of his death the owner of the lot and that his heirs continue to have an estate or right of burial therein. On the other hand, the second sentence presupposes that the person "who has a lot or an estate or right of burial therein" survives the person whose remains are to be interred therein.

Petitioner's mother is a widow, not a wife, and admittedly her husband was not an owner at the time of his death nor do his heirs continue to have an estate or right of burial therein. The deceased mother, therefore, fails to qualify under such provision.

In endeavoring to bring her situation within the purview of the second sentence of section 88, petitioner finds support in neither the language nor the logic nor the history of the provision. Petitioner's mother is manifestly not the wife, but the widow of the person buried in the lot, nor can her deceased husband be considered a person "who has a lot or an estate or right of burial therein." In his lifetime he possessed neither estate nor such right, and the fact that Jarchow permitted his body to be interred therein after death is not the equivalent of a right of burial within the intent of the statute which plainly deems such right as accruing to a living person and which may be asserted by him only in his lifetime. If, as urged by the petitioner, from the mere fact of interment in a lot

owned by another a dead body obtains "right of burial therein" within the meaning of section 88, it would follow that the other classes of persons named in such provision, particularly children of the deceased person buried therein, would not only be entitled to such burial, but by virtue of their right of burial would in turn transmit such right to their respective wives and children *ad infinitum*. It would also follow that the city of New York would be compelled to reserve in its public burial places a grave for the spouse of every married person who is permitted burial therein, and each charitable organization which offers free burial space to a married person would be compelled to reserve similar space for the spouse of such individual. Such contention is absurd on its face, and when we examine the earlier provisions from which section 88 derives, it is apparent that no such construction was intended by the Legislature.

In the Membership Corporations Law of 1895 (L. 1895, ch. 559, § 51), the corresponding provision reads: " Burials and removals. If there be more than one lot owner of a lot in the cemetery corporation, no body of a dead person shall be buried therein without the consent of all the owners of such lot, unless such person at the time of his death, was an owner of the lot, or a relative, wife or husband of an owner, or a relative of such wife or husband."

This provision now constitutes the opening sentence of subdivision 4 of section 88 and is a limitation upon, rather than an extension of the rights conferred by the second sentence of the opening paragraph of that section. It permits a single owner of a jointly owned lot to give consent to burial therein of persons falling within the categories specified, without his first obtaining consent of such other owners.

It clearly does not confer upon a relative, who might be a fifth cousin, the right by virtue of such remote consanguinity to demand through his representatives burial in such lot, in the absence of express consent by one or more owners thereof.

In 1900 (L. 1900, ch. 715, § 1) this earlier provision was substantially amended and amplified to read approximately in its present form. The opening paragraph reads as follows: " Burials and removals. The remains of a widow may be buried in a burial lot of which her husband died *possessed* and in which his heirs continue to have an estate or right of burial, without the consent of any person whomsoever claiming any interest in such lot. The remains of the wife, husband, parent or child of a person who has a burial lot or estate therein or right of burial therein, might be interred in such lot without the consent

of any person whomsoever claiming any interest in such lot. Subject however, in all cases to the following rules and exceptions [here follow the four subdivisions found in the present section].'' (Italics supplied.)

It should be noted that the opening sentence dealing with the right of a widow to interment speaks of the burial lot as being *possessed* by the predeceased husband. Mere possession was then sufficient. This provision was carried over substantially unchanged in the consolidation of 1909. (L. 1909, ch. 40, § 71.) By chapter 722 of the Laws of 1926 this provision was renumbered section 88 and further amended to read in its present form. The most significant of the changes is the substitution of the words '' was an owner at the time of his death,'' referring to the predeceased husband, in place of '' died possessed.'' The manifest intent of the Legislature was to limit the right of interment in the case of a widow to one whose husband had held title to a burial lot and whose heirs continue to have an estate or right of burial therein.

In light of the foregoing the effect of the devise to the respondent Meyer need not be determined. Application denied.